# CIRCUIT COURT OF BALTIMORE CITY.

Filed March 18, 1908.

MARIA A. SCHAUN
VS.
JENNIE BECK, WILLIAM C. BECK AND THE COLUMBIA PHONO- GRAPH COMPANY.

*Ralph Robinson* and *F. Wm. Schaun* for complainant.
*Charles S. Hayden* and *R. B. Tippett* for respondents.

PHELPS, J.—

There is nothing in the lease which affirmatively requires that carpets should be kept in stock. Nothing that requires any particular variety of furniture, or in fact any variety at all.

The terms of the restrictive covenant relied on by the plaintiff are negative—that the lessee will not use the premises nor permit their use for purposes other than those of a place of business for the sale and display of furniture, carpets and other merchandise. Was the sub-lease to the Columbia Phonograph Company, and the use of the premises for the sale and display of instruments for the reproduction of sound, a substantial breach of the restrictive covenant calling for relief by injunction?

I think not. Phonographs are articles of furniture, just as much as melodeons or parlor organs. They are not made on the premises, the company having their factory elsewhere. On one of the floors of the building there is a repair shop for the repair of the machines kept in stock on the premises. They are simply incidental, it is claimed, to the principal business. Whether called incidental or not, this repair shop is plainly outside the express terms of the written contract, and will have to be taken from the leased premises.

The bill will be retained for twenty days. if within that time or any enlargement thereof, that may be obtained on proper application, the court shall be satisfied that the repair shop has been removed from the leased premises, the bill will be dismissed, otherwise such relief will be decreed as may be deemed appropriate, and the question of costs will be disposed of at the proper time, upon equitable principles.